**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 17-04882 (MCF) |
| **DIAMONDS AND DIAMONDS INC** | CHAPTER 11 |
| Debtor | |

## OPINION AND ORDER

Before the Court is a creditor's post-judgment motions requesting additional facts or conclusions of law with respect to the Court's Order denying its motion to dismiss Debtor's case for failure to file a small-business plan within the statutory period and the Court's finding that the Debtor is not a small business debtor within the meaning of 11 U.S.C § 101.[1] For this reason, the Court denies WGD's post-judgment motions.

**Procedural history**

Debtor Diamonds and Diamonds, Inc. ("Debtor") filed its chapter 11 petition on July 10, 2017. Hurricane Maria hit Puerto Rico on September 20, 2017. Debtor informed in its status report that its retail store in Old San Juan had closed since the hurricane's passing and reported lack of electricity and internet connection (Docket No. 70). At the status conference, it reported that it would be filing a small-business disclosure statement and plan by February 10, 2018 (Docket No. 74). Debtor obtained two extensions of the statutory period for filing a small-business plan, pursuant to 11 U.S.C. § 1121 (Docket Nos. 88 & 117). The last extension fell on a Saturday, June 30, 2018 (Docket No. 117). Debtor filed its small-business plan on Monday, July 2, 2018.

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, et seq. All references to "Bankruptcy Rules" shall be to the Federal Rules of Bankruptcy Procedure.

On July 14, 2018, World's Gold & Diamond, Inc. ("WGD") filed a Motion to Dismiss Debtor's bankruptcy petition—alleging among other things—that Debtor failed to file its small business plan within the 300-day statutory period established by the Bankruptcy Code or within June 30, 2018 deadline, thereby causing automatic dismissal (Docket No. 159). Debtor opposed, stating that it was not a small business case as a result of Banco Popular de Puerto Rico's filing of a claim in the amount $2,089,858.34 ("Claim No. 5").[2] WGD pointed out that Claim No. 5 is based on the Debtor's guarantee of a third party's ("San Juan Office Center, Inc.") loan obligations which should not be counted to determine Debtor's classification under the definition of a small-business debtor. It argued that Debtor had the burden of proof regarding the noncontingency of its claim to sustain its small-business designation and that it did not meet that burden.[3] Debtor filed a surreply arguing that due to the disruption caused in the wake of Hurricanes Irma and Maria, it had "missed" Banco Popular's filing of Claim No. 5 on October 5, 2018.

At the hearing to consider WGD's dismissal motion, both parties argued in regard to Claim No. 5.[4] The parties made representations to the Court about Claim No. 5 but did not call any witnesses or introduce any documents in support of their arguments. WGD did not raise evidentiary objections to Claim No. 5 at the hearing. The Court ruled that Claim No. 5 was noncontingent. As such, Debtor could not be designated as a small business debtor, pursuant to 11 U.S.C. § 101(51D). Accordingly, WGD's motion to dismiss Debtor's case was denied.

**WGD's post-judgment motion**

WGD filed a motion to add or amend findings regarding the Court's bench order dated July 31, 2018, pursuant to Fed. R. Bankr. P. 7052 (the "post-judgment motion"). WGD requests the Court to add new or amended findings because they allegedly "[(1)] pertain to material facts

---

[2] Docket No. 166.
[3] Docket No. 167.
[4] Docket No. 172.

proven during the hearing, or [(2)] material facts and legal conclusions that WGD did not have an opportunity to present because the Court ruled before the parties raised or argued the issues at the hearing."[5] WGD relies on Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 7046 as its legal basis for the relief requested. Docket No. 175, at 3-4.

The Court granted WGD more time to articulate any objections or arguments it may not have opportunely raised at the hearing regarding Claim No. 5. (Docket No. 208). WGD supplemented its post-judgment motion focusing on the legal issues surrounding the Court's ruling regarding the noncontingency of Claim No. 5.[6] Debtor filed an English language translation of Claim No. 5 (Docket No. 202). The Court reviews WGD's arguments in its supplement as a reconsideration request along with its Rule 7052 (together, the "post-judgment motion").

WGD's arguments are threefold: First, WGD argues that Claim No. 5 is contingent because it is based on Debtor's conditional guaranty should a third party—San Juan Office Center, Inc.—default under the original note obligations. WGD cites In re Piovanetti, 496 B.R. at 63 (D.P.R. 2013) in reliance for the proposition that a debt is contingent if the debtor's liability stems from a joint and several guaranty. Second, WGD also argues that the Puerto Rico Civil Code's provisions on guaranty or surety, under 31 P.R. Laws. Ann. § 4871, are controlling on the contingency aspect of Claim No. 5. Lastly, it argues that Claim No. 5 is unliquidated because Banco Popular did not attach the notes corresponding to Claim No. 5.

**Legal Standard**

Rule 7052 of the Federal Rules of Bankruptcy Procedure makes Rule 52(b) of the Federal Rules of Civil Procedure applicable to contested matters by virtue of Rule 9014(c) of the Federal Rules of Bankruptcy Procedure. Rule 52(b) states the following:

---

[5] Docket No. 175, at 3.
[6] Docket No. 212.

> On a party's motion filed no later than [14] days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b)(edited in brackets to reflect the statutory period in Rule 7052).

The purpose of Rule 52(b) is "to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Co., Inc. v. BarclaysAmerican/Com., Inc., 899 F.2d 119, 123 (1st Cir. 1990). "The purpose. . .is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). A party may move under this rule even if the amended or additional findings would effectively reverse the judgment. Id.

Rule 9026 of the Federal Rules of Bankruptcy Procedure makes Rule 46 of the Federal Rules of Civil Procedure applicable in cases under the Code. Rule 46 "Objecting to a Ruling or Order," states the following:

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

Fed. R. Civ. P. 46.

This rule "will be most relevant in trial settings, including adversary proceedings, contested matters, trials in involuntary petitions and other situations in which a trial might take place." 10 Collier on Bankruptcy P 9026.01 (16th 2018). The rule requires that a "party make known to the court the objections to the court's actions and the grounds therefor or the action which the party desires the court to take. The purpose of this requirement is to allow the court an immediate opportunity to reconsider its action and correct any error. . ." Id.

-4-

**Discussion**

WGD seeks to add or amend the record with four proposed findings of fact. The Court will address each of the purported findings:

> 1. At the conclusion of the parties' argument on July 31, 2018, the Court introduced a copy of Claim No. 5 [Claim Reg. # 5-1] and then recessed before announcing its ruling. **Hrg. Tr**. 16; lines 16-21. (Docket No. 175, at 3.)

WGD characterizes the Court's intervention at the hearing: "During the hearing on July 31, 2018, to find that the claim was noncontingent,[4] the Court (not Debtor) referenced the "joint and several liability" of the Spanish language-guarantee in favor of Banco Popular. [Claim #5-1. p.9]. (Hearing Transcript) pp. 18-20. [Dkt. # 172]."[7]

WGD implies that the Court raised the nature of Claim No. 5 *sua sponte* the day of the hearing. As mentioned, both parties briefed the Court on this issue in the days following up to the hearing (Docket Nos. 166, 167 & 168). Debtor raised it as a defense to the motion to dismiss for failure to file a timely small business plan. WGD attempted to rebut the defense by arguing that Claim No. 5 was contingent based on its characterization of said claim as a "guarantee."[8] WGD provided the Court with an analysis based on Debtor's schedules filed on Docket Nos. 14 & 38 for unsecured, noncontingent, liquidated claims in the case; it computed a total amount of $693,032.67, causing it to fall within the definition of a small business debtor. The parties actually referenced to and argued the contents of Claim No. 5 at the hearing.[9] Based on the parties' written and oral arguments at the hearing, the Court ruled that Debtor was not a small business debtor because Claim No. 5 was not contingent, thereby exceeding the amount of "noncontingent

---

[7] Docket No. 212 at 3. (Footnote 4 states: "The Court did not specifically address whether the claim was "liquidated." See Hearing Transcript. [Dkt. # 172]").

[8] Docket No. 167, at 4, ¶7.

[9] Docket Nos. 166 & 167.

liquidated secured and unsecured" debts as of the date of the filing of the petition, pursuant to 11 U.S.C. § 101(51D).

This proposed amendment does not seek to correct a "manifest error" of fact. WGD's proposed finding is an improper characterization of the events that transpired leading to and at the July 31, 2018 hearing, and as such, is denied, pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 7046.

Next, WGD states that the original note documents missing from Claim No. 5 should be considered as a factual finding:

> 2. Claim No. 5 [Claims Register # 5-1] consists of nine pages, the first four of which are in the English language. The last five pages containing the terms of the guaranty are in Spanish. The main loan documents do not appear attached to the claim.

The Court understands that this proposed amendment does not seek to correct a "manifest error" of fact but to object to the evidence the Court considered to reach its factual findings pertaining to Claim No. 5. Although the main note documents do not appear attached to the claim, Banco Popular attached the "Unlimited Continuing Guaranty" and the amendment to the note documents referring to the amounts due under the original notes as part of Claim No. 5. These note amendments contain the amounts due under the notes, which permit the Court to ascertain the amount due and payable under the notes. As set out in detail below, Claim No. 5 is liquid. As such, WGD's objection is overruled.

In its third request for amended facts, WGD objects to the Court's review of the Spanish-language portion of documents Banco Popular attached in support of Claim No. 5:

> 3. WGD requests that an official English language translation of Claim No. 5 be included as part of the record as required by Rule 5(g) of the Local Civil Rules for the U.S. District Court for the District of Puerto Rico (as amended through April 2, 2018), made applicable in this Bankruptcy Court

-6-

by P.R. LBR 1001-1(b). <u>RG Premier Bank of P.R. v. Alvarado (In re Alvarado)</u>, 463 B.R. 200, 207 (D. P.R., 2011) (remanding appeal from bankruptcy court for failure to include official English translation of Spanish language document).

This proposed amendment does not seek to correct a "manifest error" of fact, but rather, to object to the admissibility of a Spanish-language document contained in Claim No. 5, pursuant to Rule 5(g) of the Local Civil Rules for the U.S. District Court for the District of Puerto Rico. Subsequently after the hearing and WGD's Rule 7052 motion, Debtor filed an English language translation of Claim No. 5.[10] No objections were raised to it. On the contrary, WGD relied on Debtor's translation of Claim No. 5 to reemphasize its arguments on reconsideration. Therefore, WGD's request to add or amend the record with this proposed finding of fact is moot.

Fourth and final to its proposed amended facts, WGD posits that a portion of the Court's ruling lacked a legal basis. It therefore looks to fill in this gap by providing Fed. R. Civ. P. 60(a) as a legal basis for the Court's ruling:

> 4. In ruling that it inadvertently set a due date of June 30, 2018 for Debtor's disclosure statement and plan, the Court acted on its own to correct a mistake under Fed. R. Civ. P. 60(a), which states:

>> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

This proposed amendment is not a factual finding but a conclusion of law. It provides the legal basis for the Court's ruling to deny the Motion to Dismiss under Fed. R. Civ. P. 60(a). As the Court expressed at the hearing, the practice of this Court is that no court-imposed deadlines be

---

[10] Docket No. 202.

scheduled for weekends or holidays. The Court entered an order granting the June 30, 2018 date that Debtor requested in its motion for extension of time to file a small business plan. This date fell on a Saturday. The Court's practice is to extend the deadline until the next available business day if the deadline falls on a weekend or holiday. The Court's ruling, in effect, supports WGD's proposed conclusion of law.  Nevertheless, this conclusion of law is unnecessary because the Court determined that the Debtor is not a small-business debtor and therefore not subject to the small-business deadlines. Thus, WGD's proposed amendment is denied, pursuant to Fed. R. Bankr. P. 7052.

**WGD's supplement to its motion for additional facts and conclusions of law**

Having addressed WGD's motion for additional facts, the Court now turns to WGD's legal arguments regarding Debtor's small-business designation expressed in its supplemental motion. The Court notes that WGD reiterates some of same legal arguments regarding the nature of Claim No. 5.

**Small-Business plan filing requirements**

"In a small business case. . .the plan and disclosure statement. . . shall be filed not later than 300 days after the date of the order for relief. . . ." 11 U.S.C. § 1121(e)(2). "The words 'order for relief' refer to the commencement of a voluntary petition for bankruptcy." In re Martinson, 731 F.2d 543, 544 n.3 (8th Cir. 1984).

At the time of the hearing, the Code defined a "small business debtor" as:

> [. . .] a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning or operating real

-8-

property or activities incidental thereto) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,566,0501 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor; and

(B) does not include any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,566,0501 (excluding debt owed to 1 or more affiliates or insiders).

11 U.S.C.A. § 101(51D).

In contrast, § 1121(a) allows a regular Chapter 11 debtor to file the plan at any time. 11 U.S.C § 1121(a); In re Sanchez, 429 B.R. 393, 398 (Bankr. D.P.R. 2010).

**Changes to a small-business debtor designation**

Rule 1020(b) of Federal Rules of Bankruptcy Procedure authorizes parties in interest to object to a debtor's designation as a small-business debtor "no later than 30 days after the conclusion of the meeting of creditors held under § 341(a), or within 30 days after any amendment to the statement, whichever is later." Fed. R. Bankr. P. 1020(b). Moreover, Rule 1020 provides that "the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." Fed. R. Bankr. P. 1020(a). The use of "until" in Rule 1020(a) means that the designation controls up to the point that a court determines the correct status of the debtor, at which point the court's determination controls, both prospectively and retroactively. In re Swartville, LLC, 483 B.R. 453, 457 (Bankr. E.D.N.C. 2012).

The burden of establishing that the original designation was incorrect would appear to be best placed upon the proponent of the change. See In re Roots Rents, Inc., 420 B.R. 28, 40 (Bankr. D. Idaho 2009) (ruling that the burden was on a debtor to establish the factual basis upon which the court should determine the original designation as incorrect, which the debtor failed to carry). "[C]onsidering that a debtor's status as a small business debtor is no longer an election, the Court does not find it prudent to require a debtor to be bound by rules that by definition are not applicable to that debtor." In re Swartville, LLC, 483 B.R. 453, 457 (Bankr. E.D.N.C. 2012).

Debtor filed its Chapter 11 petition as a small-business case. Facing the possibility of dismissal, Debtor argued for its small-business election to be withdrawn as it did not qualify as a small business debtor, pursuant to 11 U.S.C. § 101(51D)(A) in light of the filing of Claim No. 5. As a result, it did qualify as a regular chapter 11 debtor, who is not subject to plan-filing statutory deadlines for a small-business case. Debtor relied on the evidentiary effect of Banco Popular's allowed and unopposed Claim No. 5.

Section 501(a) provides that a creditor may file a proof of claim. Section 502(a) states that a proof of claim filed under § 501 is deemed allowed, unless a party in interest objects. Rule 3001 of Federal Rules of Bankruptcy Procedure sets forth the requirements for filing a proof of claim. It provides, in relevant part:

> (a) Form and content
>
> A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
>
> (b) Who may execute
>
> A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

-10-

(c) Supporting information

(1) Claim based on a writing

Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(f) Evidentiary effect A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Fed. R. Bankr. P. 3001.

A claim arising from a loan obligation debt is one that is "based on a writing" and under Rule 3001(c) requires the creditor to attach some supporting documentation in order for the claim to be prima facie valid. Claim No. 5 includes supporting documentation as evidence of Debtor's liability. Claim No. 5 is signed under penalty of perjury. Therefore, the Court presumes it to be valid and in the amount of $2,089,858.34, pursuant to Fed. R. Bankr. P. 3001(f).

**Categorizing debt**

However, WGD submits that the documents which sustain Claim No. 5 do not establish that the claim is noncontingent and liquidated as per the statutory definition of a small-business debtor, under 11 U.S.C. § 101(51D). The Court disagrees.

The term 'debt' means "liability on a claim." 11 U.S.C. § 101(12). The Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). The Supreme Court has explained that under the Bankruptcy Code the meanings of 'debt' and 'claim' are coextensive and should be broadly

construed. Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 558 (1990). "The Code utilizes this broadest possible definition of claim to ensure that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." In re SNTL Corp., 571 F.3d 826, 838 (9th Cir. 2009) (internal alterations and quotation marks omitted). Debtor has a contractual obligation to repay Claim No. 5.

**Is the claim noncontingent?**

WGD argues that Debtor's liability is conditional or dependent upon the default of the principal debtor, San Juan Office Center, Inc., and thus is contingent.

Contingent debts are debts in which a liability is dependent upon a future extrinsic event. In re Piovanetti, 496 B.R. 57, 63 (Bankr. D.P.R. 2013)(See In re Ford, 967 F.2d 1047, 1051 (5th Cir.1992) ("Claims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred."). The Puerto Rico Civil Code states that "[e]very obligation, the fulfillment of which should not depend upon a future or uncertain event or upon a past event, unknown to the parties in interest, shall be immediately demandable. Every obligation, containing a condition subsequent, shall also be demandable without prejudice to the effect of the performance." P.R. Laws. Ann. tit. 31 § 3041.

Despite this, WGD argues that the nature of Debtor's guarantee renders Claim No. 5 contingent. WGD's proposition is that Debtor's liability is contingent upon San Juan Office Center, Inc.'s default, based on Puerto Rico's Civil Code provisions regarding guaranty obligations. A guaranty or surety relationship occurs when "a person binds himself to pay or

perform for a third person in case the latter should fail to do so." P.R. Laws. Ann. tit. 31§ 4871. A guaranty "may be conventional, legal, or judicial, gratuitous, or for a valuable consideration." P.R. Laws. Ann. tit. 31§ 4872. The general rule in this situation is that "[t]he surety cannot be compelled to pay a creditor until application has been previously made of all the property of the debtor." P.R. Laws. Ann. tit. 31 § 4891.

However, the Civil Code allows a guarantor to contractually bind itself jointly with the principal debtor. Villegas v. White Star Bus Line, 63 P.R. Dec. 344 (1944)("Notwithstanding the accessorial character of the obligation contracted by the surety, which constitutes one of the fundamental bases of the contract of suretyship in its most common and ordinary form, yet it may forfeit said condition and become a principal obligation, if the surety binds himself *in solidum* with the debtor."). Joint and several liability is not presumed and must be expressly established. Id. Thus, where a surety binds itself jointly and severally, it is not a subsidiary debtor but a principal debtor, and its obligation is not governed by the general rule requiring the creditor to collect from the principal debtor first before collecting from the surety. Articles 1097-1098 of the Civil Code of Puerto Rico, P.R. Laws. Ann. tit. 31 §§ 3108-3109; FDIC v. Consolidated Mortgage and Finance Corp., 805 F.2d 14, 21 (1st Cir.1986); Int'l Paper Co. v. Apr. Agro Indus., 747 F.Supp. 111, 115 (D.P.R. 1990); McDonough Constr. Co. v. Maryland Casualty Co., 215 F.Supp. 488, 1961 U.S. Dist. LEXIS 2854 (D.P.R. 1961).

In the case at hand, Debtor subscribed an unlimited guaranty in case of either parties' default under the original note obligations. Claim No. 5 arises from Debtor's joint and several guarantee to pay San Juan Office Center, Inc.'s indebtedness as per the amounts included in Claim No. 5 & Docket No. 202 (English translation). The "Unlimited Continuing Guaranty" subscribed by Debtor states that it guarantees jointly and severally with the borrowers, as follows:

> [T]he punctual payment upon their maturity to the Bank and its successors or assignees of each and every one of the Instruments and any other aforesaid obligation; as well as any other debt of any nature that heretofore becomes due or is owed to the Bank by the Borrowers including each and every one of the Instruments issued prior to or subsequently to this document and over which the Bank has or may subsequently have any type of right, stake, or interest as owner or guarantor, or in any other form. . . This guaranty shall be binding for the Signers, jointly and severally. . . .

Docket No. 202 at 9.

The contractual guaranty subscribed by the parties is clear in its terms. "If the terms of the contract are clear and leave no doubt as to the intention of the contracting parties, the literal sense of the stipulations shall be observed." P.R. Laws Ann. tit. § 3471; In Matter of Beatriz Ready Mix, Inc., 2009 WL 255890, at *2 (Bankr. D.P.R. Feb. 3, 2009). Debtor clearly expressed in writing that its unlimited continuing guaranty is joint and several.  As such, Banco Popular had a contractual right to payment from the Debtor at the time that it filed its petition.

WGD cites In re Piovanetti, 496 B.R. 57 (D.P.R. 2013) for the proposition that a debt guaranteed by a co-debtor is contingent until the primary debtor defaults. The Piovanetti court resolved whether a chapter 13 debtor met the threshold debt-amount requirements under 11 U.S.C. § 109(e) to qualify under chapter 13. A creditor moved to dismiss the chapter 13 petition alleging the debtor had unsecured debt which exceeded the amount of "noncontingent, liquidated, unsecured debts" that the debtor could have in order to qualify for chapter 13 relief. The debtor argued that the amount of debt at issue was contingent on the principal debtor's default and that the principal debtor had not defaulted. The Piovanetti court  found two factual grounds to reach its conclusion that the debt was noncontingent and to rule that debtor was ineligible for chapter 13 relief. First, the principal debtor had defaulted on its obligations prior to the debtor's petition, thus triggering the debtor's joint and several liability for the totality of the debt. Second, the principal

-14-

debtor's bankruptcy filing constituted an event of default. The <u>Piovanetti</u> court held that debtor's total claims surpassed the threshold amount of unsecured, noncontingent and liquidated debt for a chapter 13. <u>Piovanetti</u>, 496 B.R. at 63.

This Court reaches the same result as the <u>Piovanetti</u> court in the instant case, i.e., deeming the guaranty claim against the Debtor as noncontingent, without considering the events of default between the parties. An event of default determines whether the creditor can extract full payment from the debtor immediately, not whether contractual liability exists. As such, it does not determine a contractual right to payment. "[W]here a contract was entered into by parties who did not contemplate that any further act had to be completed in order to trigger contractual liability, then such liability would not be contingent." <u>In re Fostvedt</u>, 823 F.2d 305 (9th Cir. 1987). To repeat, under Puerto Rico law "[e]very obligation, the fulfillment of which should not depend upon a future or uncertain event or upon a past event, unknown to the parties in interest, shall be immediately demandable. Every obligation, containing a condition subsequent, shall also be demandable without prejudice to the effect of the performance." P.R. Laws. Ann. tit. 31§ 3041; <u>Amy v. Registrar of Prop.</u>, 21 P.R. Dec. 123 (1914), PR Sup. LEXIS 446 ("There are similarities and differences between the maturity and the conditions of obligations which must be distinguished in order not to confuse a deferred obligation with a conditional one. The condition is an uncertain event, whereas the term is an event which is bound to take place, although it is not known when. . .[T]he term merely places a limitation upon the time when the contractual relation shall take effect.").

In this case, the Debtor's contractual liability as a joint and several debtor nullified the need for an extrinsic future event or condition—such as the principal debtor's default—to occur in order for Debtor to be liable. Debtor's obligation to pay as a joint and several guarantor is

quantifiable and determined prepetition, when the parties entered into the "Unlimited Continuing Guaranty" agreement on July 10, 2012.

**Is the claim unliquidated?**

The Court now turns to WGD's last argument in its supplement to its post-judgment motion. Lastly, WGD argues that Banco Popular did not include an account statement, amortization schedule, and payment history to show how these amounts were determined. Thus, it argues that Claim No. 5 is unliquidated, as per the statutory definition of a small-business debtor, under 11 U.S.C. § 101(51D).

"[T]he terms 'liquidated' and 'unliquidated' generally refer to a claim's value (and the size of the corresponding debt) and the ease with which that value can be ascertained." In re DeJounghe, 334 B.R. 760, 769 (citing Mazzeo v. United States (In re Mazzeo), 131 F.3d 295, 304 (2nd Cir. 1997). If the claim is subject to ready determination and precision in computation of the amount due, it is generally viewed as liquidated. In re Huelbig, 313 B.R. 540, 544 (D.R.I. 2004); In re Vaughn, 276 B.R. 323, 325 (Bankr. D.N.H. 2002); In re Keenan, 201 B.R. 263 (Bankr. S.D.Cal. 1996); In re Mitchell, 255 B.R. 345, 360 (Bankr. D. Mass. 2000). If the value depends instead on "a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated." In re Mazzeo, 131 F.3d at 304. Therefore, "courts have generally held that a debt is liquidated if its amount is readily and precisely determinable, as where the claim is determinable by reference to an agreement or by a simple computation." Alan N. Resnick and Henry J. Sommer, 2 Collier on Bankruptcy ¶ 109.06[2][c] (16th ed. 2013).

In the instant case, Claim No. 5 arises from Debtor's joint and several guarantee to pay San Juan Office Center, Inc.'s indebtedness as per the amounts included in the amendment to the notes in Claim No. 5, at 5-9 & Docket No. 202 at 5-8. Claim No. 5 references two promissory

notes dated May 9, 2008 with corresponding Loan Numbers 9007 and 9008. The first promissory note is for the amount of $1,790,000.00. The second promissory note is for the amount of $563,854.36.[11] Banco Popular further included a computation of its unsecured claims including the principal and per diem interest calculation in the amount of $2,089,858.34.[12] These amounts are readily available and ascertainable by simple contractual computation. The Debtor's last amended schedules list total unsecured claims in the amount of $693,032.67 (exclusive of insiders' claims). Docket No. 38. On October 18, 2017, Banco Popular filed a claim for $2,089,858.34. Claim No. 5 is based on a prepetition debt that Debtor contracted as joint guarantor on July 10, 2012 and that should have been aggregated to its debts at the filing of the petition. The debt is liquid. Claim No. 5 increases Debtor's noncontingent liquidated unsecured liabilities to more than $2,566,0501, which is the debt ceiling specified in § 101(51D) defining small business debtors.

**Conclusion**

Debtor met its burden in demonstrating that it is not a small-business debtor within the meaning of the Bankruptcy Code, given that § 101(51D) excludes from its definition any debtor with "aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,566,0501. . ." 11 U.S.C. § 101(51D). WGD's post-judgment motion, as supplemented, is hereby denied. Debtor is

---

[11] The promissory notes were amended on May 4, 2017 to restructure the original payment terms. For the first promissory note, a monthly payment in the amount of $11,470.30 was amended to two monthly payments in the amount of $11,470.30 and a final payment of $ 1,590,360.50, including interest beginning July 15, 2017 until September 15, 2017. The parties amended the second promissory note to provide for two monthly payments in the amount of $ 3,614.11 and a final payment of $ 492,840.37, including interest beginning July 15, 2017 until September 15, 2017 from the original monthly payments in the amount of $3,614.11. The agreements extended the notes' maturity dates until September 15, 2017. Proof of Claim No. 5 & Docket No. 202.

[12] Debtor amended its Schedule F to include Banco Popular's claim in the amount of $2,089,858.34 as a noncontingent, liquidated and undisputed claim, as of the filing of the petition. (Docket No. 223, at 3, item 3.10).

ordered to amend its petition, within 14 days, to reflect its status as a regular chapter 11 case in accordance with the ruling herein.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of April, 2019.

*Mildred Cabán*

MILDRED CABÁN FLORES
United States Bankruptcy Judge

-18-